# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIMITRIOS KALOGERAKIS AND
MARGARET KALOGERAKIS,

    Plaintiffs,

        v.

MICHAEL T. CHEW,

    Defendant.

CIVIL ACTION NO. 3:08-cv-144

(JUDGE CAPUTO)

## MEMORANDUM

This case was heard without a jury on September 29, 2009 and September 30, 2009, and this Memorandum, Findings of Fact and Conclusions of Law are being written from the Court's hearing of the case, and its trial notes. It involved an intersection collision wherein the Plaintiff, Dimitrios Kalogerakis, was traveling eastbound on State Route 248 in Carbon County in his 1995 Honda Accord when he struck a 28 foot Peterbilt dump truck driven by the Defendant, Michael Chew. The Plaintiff suffered a broken knee cap and other injuries. His automobile sustained extensive damage. The Plaintiff claims for pain and suffering, disfigurement, loss of enjoyment of life, and lost past and future income. Plaintiff, Margaret Kalogerakis, Plaintiff Dimitrios Kalogerakis' wife, claims damage for loss of consortium.

The Plaintiffs claim that the Defendant, Michael Chew, was negligent in failing to stop at the stop sign situated on the road he was on, or in the alternative, violating 75 Pa. C.S.A. § 3323 requiring that once a driver proceeds after a stop at a stop sign the driver must continue to make sure passage is clear, and thereby was guilty of negligence *per se*.

The Defendant contends that the Plaintiff, Dimitrios Kalogerakis, was guilty of negligence *per se* in that he violated 75 Pa. C.S.A. § 4302 which requires that when

conditions are such that a driver cannot discern a pedestrian at 1000 feet, the driver is required to turn on his or her headlights. Defendant contends because it was not daylight and it was foggy and rainy, Plaintiff's failure to have his headlights on violated the statute, and caused the Defendant not to see him as Defendant proceeded from the stop sign to cross the eastbound lanes of State Route 248 to make a left turn onto the westbound lane of State Route 248. Defendant contends the Plaintiff's negligence exceeded fifty percent of the total negligence of all, and requests that the Plaintiffs' claims are thereby barred.

The major issues in dispute on the question of liability are the time of the accident and the weather conditions, *viz*, in particular, whether it was daylight and whether there was a fog which limited visibility.

There is evidence that it was foggy and that as a result visibility was impaired. There was also evidence that it was daylight, and further that visibility was not impaired. I will not recount all of the evidence on this issue, as the only evidence of those who witnessed the accident were the Plaintiff, Dimitrios Kalogerakis, the Defendant, Michael Chew, and Megan Owens, who was traveling east on State Route 248 behind Mr. Kalogerakis.

I place great reliance on Ms. Owens. She was a disinterested witness, and her testimony was not substantially impeached by other evidence. She indicated she was traveling approximately a quarter of a mile behind the Plaintiff's vehicle when she saw the truck on State Route 248, and immediately realized there would be a collision, which she then observed. She testified that it was daylight, although the sun was not out. The police report says that it was daylight and that it was foggy and rainy. (Pl. Ex. 2.) The EMS personnel reported there was heavy fog (Pl. Ex. 5); and the Parryville Ambulance personnel reported there was heavy fog. (Pl. Ex. 6.) None of these authors were present when the

-2-

accident occurred. Daniel Keiser, a member of the Parryville Fire and Rescue, testified by deposition that at 7:55 A.M. when he arrived, the fog at the scene was such that without headlights, visibility was approximately thirty feet. (Shane Chew, Defendant's brother, says it was 75-100 feet.)

The evidence is clear that Mr. Kalogerakis did not have his headlights on.

Also bearing on this issue is the testimony of Defendant Michael Chew's brother, and business partner, Shane Chew. He testified he proceeded onto and across the eastbound lanes of State Route 248 and left into the westbound lanes ahead of Defendant. He also testified he saw the Plaintiff's vehicle, which he identified as a light blue Honda, approach without headlights and attempted to warn his brother by CB Radio, but it was too late. He testified he then backed his 2000 Kenworth, 28 feet long and 8 feet wide, east down the shoulder of westbound State Route 248 using his mirrors.[1] The limited visibility proffered by the Defendant is somewhat inconsistent with this conduct.

The deposition testimony of Megan Owens is credible as to the conditions at the time of the accident. Since she was behind the Plaintiff by a quarter of a mile and could see him and the Defendant's truck, the inference is inescapable that the Defendant could have and should have seen the Plaintiff.

This conclusion moots the issue of the time of the incident, as time was only relevant in determining whether it was daylight. The Plaintiff said it was light. The Defendant said it occurred between 6:30 A.M. and 7:00 A.M. and that it was dark.[2] The evidence was

---

[1] Defense expert, Frank Costanzo, testified to a 7 foot shoulder.

[2] Plaintiff's Exhibit 4 indicated sunrise was 0713, or 7:13 A.M., on January 30, 2006.

-3-

undisputed that the police and EMS (Parryville Fire and Rescue) arrived within five to ten minutes of the accident. Arriving at approximately 7:55 A.M. would fix the time of the accident at approximately 7:45 A.M. Indeed, Mr. Keiser received the alarm call at 7:46 A.M. Therefore, the evidence supports the finding that it was light at the time of the accident.

Therefore, I conclude that on the question of liability, conflicts in the evidence are resolved in favor of Plaintiffs.

The major issue on damages is whether Mr. Kalogerakis suffered any economic harm for which he can recover damages. He is 60 years old, had a long career as a marine engineer and later operated as an independent contractor marine engineer. This occupation involved working aboard large ships, and it required climbing and descending vertical steps, working in cramped or confined areas and generally required easy mobility. From 2001 through 2008, Mr. Kalogerakis had net earnings of:

| Year | Net Earnings |
|------|--------------|
| 2001 | $27,523.00 |
| 2002 | $ 9,206.00 |
| 2003 | $12,852.00 |
| 2004 | $10,515.00 |
| 2005 | $19,258.00 |
| 2006 | $20,056.00 |
| 2007 | $18,391.00 |
| 2008 | ($ -346.00) |

Because of the pain in his right knee, Mr. Kalogerakis cannot perform as a marine engineer as he did in the past. Both vocational experts, *viz* Mr. Walker, on behalf of Plaintiff, and Dr. Lukas, on behalf of Defendant, agreed he could not perform as a marine engineer. Therefore, an analysis of lost earnings (past, present and future) is in order.

Mr. Walker calculated past and future wage loss using his highest earnings, *viz* 2001earnings of $27,523.00. Using this figure, Mr. Walker calculated Plaintiff's past wage

-4-

loss at $43,222.00, which subtracted his post injury years of 2006, 2007 and 2008 or $20,956.00, $18,391.00, and $.00, respectively from $27,523.00 which yielded a loss in 2006 of $6,567.00, a loss in 2007 of $9,132.00, and a loss in 2008 of $27,523.00 for the total of $43,222.00.

For future wage loss, Mr. Walker determined that at age 60, Plaintiff would work to age 65 and multiplied the $27,523.00 annual earnings figure by 5 to achieve $137,615.00. Under this scenario, the total wage loss would be $180,837.00.[3] It must be noted that while Mr. Walker opined that Plaintiff could earn $16,640.00 annually performing unskilled jobs like cashier, greeter, etc., he questions whether such jobs would be available to Mr. Kalogerakis.

Defendant's expert, Dr. Lukas, determined that Mr. Kalogerakis' earning capacity equals or exceeds his pre-accident income. He also opined that based on his earnings from 2001 through 2005, his earnings of $20,900.00 in 2006 and $18,300.00 in 2007 demonstrated no past loss of earnings.

Dr. Lukas determined that the figure from which future earnings loss should be considered is the average of his earnings from 2001 through 2008, which is $15,800.00. He then proceeds to recognize that his future earning capacity is limited as to occupation since he can no longer perform as a marine engineer. He opines that Plaintiff can do light work such as customer service representative, greeter or accounts clerk and that he could earn $10.00 to $14.00 per hour as such for a full-time annual wage of $20,800.00 to $29,100.00. In his view, these earnings are comparable to or greater than what Plaintiff earned from 2001

---

[3] Mr. Walker also made a calculation based on an annual salary of $47,900.00, which represents U.S. Department of Labor statistics of the low 10% of wages earned by marine engineers. Since Mr. Kalogerakis presented no evidence of ever having earned such a sum, the alternative calculation is too speculative to warrant consideration.

-5-

to 2008 and therefore he suffers no loss. While he criticized the Walker report in the type of jobs Mr. Kalogerakis could perform and the salary connected therewith; in the use of the highest annual earnings of $27,523.00 in the period 2001-2008 as the basis for his calculation, and that Mr. Walker did not set off even his own determination of the $16,600.00 salary which Mr. Kalogerakis could expect for work he could do, Dr. Lukas did agree that his age and language skills could post a problem in securing employment.[4]

It is my view that it is inappropriate to use the base earnings figure of $27,523.00, the highest in the period 2001 through 2008 and that an average or median is a sensible approach. Moreover, it is likewise sensible to reduce projected earnings as a marine engineer by an amount which Mr. Kalogerakis could be projected to earn. Performing this analysis, Mr. Walker would have to reach the conclusion that there was no future wage loss. Moreover, there is really no basis to determine if Mr. Kalogerakis had a past wage loss for the years 2006, 2007 and 2008 based on the use of his 2001 earnings.

Therefore, Mr. Kalogerakis suffered no economic damage as a result of the negligence of the Defendant.

Plaintiff, Dimitrios Kalogerakis, is entitled to damages for pain and suffering, disfigurement, and the loss of enjoyment of life. There is evidence of pain at the time of the accident and thereafter. Through 2008, there is medical evidence of his pain. Thereafter, he testified as to his continued pain subsequent to walking and getting up from sitting down. He testified he cannot go up and down stairs easily. He testified as to his inability to do

---

[4] Mr. Kalogerakis is a Greek national. His testimony in Court was sometimes difficult to understand. It was also obvious that on occasion, he had difficulty understanding questions put to him by both counsel.

many of the things around his home in the fashion he did before the accident. For example, he cannot go on the roof to clean the gutters.

Mr. Kalogerakis has a surgical scar on his knee. I do not consider it a serious disfigurement.

Plaintiff has suffered from the loss of enjoyment of life. He no longer skis, does power walks (which he did daily before the accident with his wife), swims, and he has lost the enjoyment of performing as a marine engineer.

Plaintiff, Margaret Kalogerakis, is entitled to damage for loss of consortium. For a period of six weeks post-accident, Mr. Kalogerakis could not do a thing. Thereafter, he could not put weight on his right leg for four weeks. Thereafter, there was not the enjoyment of competitive walking and snow skiiing and tubing with Mrs. Kalogerakis. Moreover, he testified that the intimacy between them changed to the extent that the fun was gone. In sum, Mrs. Kalogerakis lost the level of the pleasure of the company and companionship which she enjoyed prior to the accident.

Based upon the foregoing, the admissions in the pleadings, and the evidence in the case, I make the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. Dimitrios Kalogerakis and Margaret Kalogerakis are husband and wife, residing at 3 Clubhouse Drive, Albrightsville, Pennsylvania, 18210, and are citizens of Pennsylvania.

2. Michael Chew resides at 2 Secluded Lane, Rio Grande, New Jersey, 08242 and is a citizen of New Jersey.

3. Michael Chew was working as an agent/employee of Mike's Classic, LLC, who owned 1998 truck (NJ number RJ456H).

4. Dimitrios Kalogerakis was owner and operator of light blue 1995 Honda Accord.

5. On or about January 30, 2006, Dimitrios Kalogerakis was traveling eastbound on State Route 248 in Carbon County, Pennsylvania.

6. Mr. Kalogerakis was traveling at 50 to 55 mph at approximately 7:30 A.M. to 7:45 A.M. on January 30, 2006.

7. State Route 248 had no traffic control at the intersection with Center Avenue.

8. Defendant, Michael Chew, was operating a 1998 Peterbilt dump truck on January 30, 2006, on Center Avenue.

9. The Peterbilt dump truck was 28 feet long and weighed 20,000 pounds empty.

10. There was a stop sign where Center Avenue fed onto State Route 248.

11. State Route 248 is a four lane highway that runs east and west.

12. Defendant's brother, Shane Chew, proceeded from the stop sign on Center Avenue across the eastbound lanes of State Route 248, and turned left into a westbound lane of State Route 248.

13. Thereafter, Defendant proceeded from Center Avenue into the eastbound lanes of State Route 248.

14. It was at about 7:30 A.M. to 7:45 A.M. that Plaintiff struck the Defendant's truck "amidships".

15. The Defendant pulled out in front of the Plaintiff.

16. It was daylight, and visibility was greater than 1000 feet.

17. Conditions were such that the Defendant should have seen the Plaintiff and not proceeded onto State Route 248.

18. The Plaintiff did not have time to stop or take evasive action.

19. The Defendant failed to exercise due care under the circumstances.

20. The Defendant violated 75 Pa. C.S.A. § 3323.

21. The Plaintiff exercised due care under the circumstances.

22. The conduct of the Defendant was the factual cause of the collision.

23. The Plaintiff, Dimitrios Kalogerakis, suffered the following items of damage as a result of Defendant's conduct:

    Past and Future

| | |
|---|---|
| a) pain and suffering | $200,000.00 |
| b) Disfigurement (leg scar) | $ 5,000.00 |
| c) Loss of enjoyment of life | $ 50,000.00 |

24. The Plaintiff, Dimitrios Kalogerakis, did not suffer economic wage loss damages as a result of Defendant's conduct.

25. Plaintiff, Margaret Kalogerakis, suffered loss of her husband's consortium as a result of Defendant's conduct in the amount of $50,000.00.

26. Defendant, Michael Chew, is liable to Plaintiff, Dimitrios Kalogerakis, in the amount of $255,000.00.

27. Defendant, Michael Chew, is liable to Plaintiff, Margaret Kalogerakis, in the amount of $50,000.00.

## **CONCLUSIONS OF LAW**

1. Plaintiffs are citizens of Pennsylvania.

2. Defendant is a citizen of New Jersey.

3. Jurisdiction exists in this Court on the basis of Diversity of Citizenship. 28 U.S.C. § 1332.

4. Defendant, Michael Chew, breached the duty of due care owed to Plaintiff and was therefore negligent in that he entered the eastbound lanes of State Route 248 without observing the approaching Plaintiff where he could have done so.

5. Defendant, Michael Chew, is guilty of negligence *per se* in that he violated 75 Pa. C.S.A. § 3323 requiring that once a driver proceeds after a stop at a stop sign the driver must continue to make sure passage is clear.

6. The negligence of Defendant, Michael Chew, was the factual cause of the collision on January 30, 2006.

7. The negligence of Defendant, Michael Chew, was the factual cause of the injuries to Plaintiff.

8. Plaintiff, Dimitrios Kalogerakis, was not negligent.

9. The damages suffered by Plaintiff, Dimitrios Kalogerakis, for which Defendant, Michael Chew, is responsible are as follows:

| | | |
|---|---|---|
| (a) | Past and future pain and suffering: | $200,000.00 |
| (b) | Disfigurement (leg scar) | $    5,000.00 |
| (c) | Loss of enjoyment of life | $  50,000.00 |

10. The damage suffered by Plaintiff, Margaret Kalogerakis, for which Defendant, Michael Chew, is responsible is:

    Loss of Consortium    $ 50,000.00

11. Judgment will therefore be entered in favor of the Plaintiffs and against the Defendant as follows:

    (a) Dimitrios Kalogerakis:  $ 255,000.00;

    (b) Margaret Kalogerakis  $ 50,000.00; and

    (c) costs of suit.

An appropriate Order follows.


Date: November 12, 2009        /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIMITRIOS KALOGERAKIS AND
MARGARET KALOGERAKIS,

    Plaintiffs,

        v.

MICHAEL T. CHEW,

    Defendant.

CIVIL ACTION NO. 3:08-cv-144

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 12th day of November, 2009, **IT IS HEREBY ORDERED** that judgment is entered in favor of Plaintiffs, Dimitrios Kalogerakis and Margaret Kalogerakis, and against the Defendant, Michael T. Chew, as follows:

    (a) Dimitrios Kalogerakis:  $ 255,000.00;

    (b) Margaret Kalogerakis  $ 50,000.00; and

    (c) costs of suit.

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge